IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cr552 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RAFAEL MADRID-OJEDA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 118 (part 1), the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which has been construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Rafael Madrid-Ojeda. The defendant filed filing no. 118 (part 1) in the United States District Court for the District of Minnesota, the district of his confinement.

The United States District Court for the District of Minnesota construed filing no. 118 (part 1) as a § 2255 motion, as did this court. However, the United States Supreme Court does not permit the federal courts to characterize a pro se litigant's communications as a first § 2255 motion without warning the litigant of the consequences. Castro v. United States, 124 S. Ct. 786, 789 (2003).

The primary such consequence is that a defendant may file only one § 2255 motion without obtaining advance authorization by an appellate court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural limits on "second or successive" § 2255 motions. 28 U.S.C. § 2244(b) precludes the filing of any subsequent § 2255 motion without first obtaining certification by the appropriate court of appeals,

authorizing the district court to consider the successive motion. Therefore, once a defendant has filed a § 2255 motion, the defendant may not file a later § 2255 motion without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

In light of the foregoing considerations, the court will grant the defendant until December 15, 2005, to amend filing no. 118 to add any additional claims he may wish to assert and to change or delete any existing claims presently asserted in filing no. 118 (part 1). In the alternative, the defendant may withdraw his § 2255 motion altogether, if he so desires, or he may leave filing no. 118 (part 1) intact with no changes. After December 15, 2005, the existing § 2255 motion (filing no. 118, part 1), or, if an Amended Motion has been filed, then such Amended Motion, shall be deemed submitted for initial review and subsequent progression by the court.

SO ORDERED.

DATED this 2nd day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge