**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **8:03CR552** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **RAFAEL MADRID-OJEDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Initial Review of Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (Filing No. 118), and Defendant's Amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 120).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to Count I of the indictment charging him with knowingly and intentionally conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and Count VI charging him with criminal forfeiture in violation of 21 U.S.C. § 853. This Court sentenced defendant to the statutory minimum 120 months in

the custody of the Bureau of Prisons followed by five years supervised release. Defendant filed a direct appeal arguing that he should have been sentenced below the statutory mandatory minimum term despite his failure to qualify for "safety valve" relief. (Filing No. 116). The Eighth Circuit affirmed the district court. *United States v. Madrid-Ojeda*, No. 04-3025 (June 10, 2005 8th Cir).

In his § 2255 motion defendant sets forth two grounds for relief. First, defendant argues that he was erroneously deprived of a three-point adjustment for acceptance of responsibility in his base level offense. Defendant states that the failure of the court to apply this three-point adjustment was the result of ineffective assistance of counsel and a violation of the Equal Protection Clause. Second, defendant argues that he should have received a shorter sentence based on the "Fast-Track Program".

## DISCUSSION

**Challenge to Sentence Adjustment**

Aside from the issues of waiver, timeliness and procedural default, the record refutes defendant's arguments on their merits. The Presentence Investigation Report (PSR), which was accepted by the court as its legal conclusions and findings of fact, clearly accounted for the three-point adjustment for acceptance of responsibility. (Filing No. 106). However, the statutory minimum sentence for defendant's offense was 120 months. This is the sentence defendant received. Therefore, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to his claims. The claims are denied.

**Fast-Track Program**

Defendant next claims that he should be deported early under the "Fast-Track Program."   Initially the court notes that the plea agreement does not address the matter of deportation.   Moreover, a motion under § 2255 cannot challenge nonconstitutional sentencing errors, if those errors were not challenged in an earlier proceeding. United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995)); see also Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) ("issues of guideline interpretation do not constitute proper section 2255 claims unless they rise to the level of being a miscarriage of justice").   "Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision." United States v. McMullen, 98 F.3d  at 1157.  Defendant did not challenge his sentence on this basis at sentencing or on direct appeal and cannot now seek a downward departure on this basis for the first time in these collateral proceedings.

Finally, to the extent that any of Defendant's claims are based on Booker, decided on January 12, 2005, the claims are denied because his conviction was final before the Booker decision was announced.  Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to any of his claims.   All claims are denied.

3

THEREFORE, IT IS ORDERED:

     1.     The Defendant's § 2255 motion (Filing 118) is denied;

     2.     The Defendant's Amended § 2255 motion (Filing No. 120) is denied;

     3.     A separate Judgment will be entered; and

     4.     The Clerk is directed to mail a copy of this Memorandum and Order to the

Defendant at his last known address.

     DATED this 7th day of December, 2005.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            United States District Judge